IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| I.C., a Minor, by MARIA PINO and | : | CIVIL ACTION |
| THOMAS CINTAO, Guardians, | : | |
| and MARIA PINO and THOMAS | : | NO. 13-3681 |
| CINTAO, Individually | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| SMITHKLINE BEECHAM | : | |
| CORPORATION d/b/a | : | |
| GLAXOSMITHKLINE, | : | |
| Defendant | : | |

## MEMORANDUM

BUCKWALTER, S. J.                                                                                             October 9, 2013

      Before the court is plaintiffs' motion to amend and certify order for interlocutory review pursuant to 28 U.S.C. § 1292(B).

      Both parties agree as to the three matters this court must consider in determining whether to certify:

      (1)     Is a controlling question of law involved;

      (2)     Are there substantial grounds for differences of opinion; and

      (3)     Will an immediate appeal materially advance the ultimate determination of the litigation.

      There is a controlling question of law which is whether remand is appropriate. With regard to this question there are substantial grounds for differences of opinion.

      Where the motion of plaintiffs must fail is as to the third ground. I am not persuaded that an immediate appeal will materially advance the ultimate determination of the litigation.

      The thrust of plaintiffs' argument in this regard, to quote from plaintiffs' brief, is that

certification "may save the parties and the judicial system a substantial amount of time and expense that would be needed for lengthy and costly pretrial and trial proceedings in federal court, revisiting of prior state court rulings and protocols, and then another lengthy and costly trial in state court, as set forth more fully above in the discussion of why the proposed question is a controlling question of law."

At oral argument, defendant disputed plaintiffs' position arguing essentially that, in the present posture of this case (although neither side has offered a definitive review of what that posture might be), the ultimate determination will not be materially advanced since most discovery has been completed, and but for <u>Daubert</u> issues in federal court, the case is close to trial.

Plaintiffs have not offered convincing arguments that somehow a determination of the controlling question relative to remand will materially advance the ultimate resolution of this case which is so close to trial. Both parties agree that this case is almost ready for trial although there is some disagreement as to what discovery has to be completed. (N.T. Oral Argument 10/8/13).

Obviously, a federal court is every bit as capable of trying this case efficiently, competently and promptly. How delaying the trial by seeking an interlocutory appeal will materially advance the ultimate determination is not clear since even if successful, the plaintiffs will still be awaiting a trial, albeit not in federal court.

Interestingly, plaintiffs have not sought certification from the rulings of Judges Bartle and McLaughlin denying remand.

An order follows.